UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CONRAD KUDELKA, JR.,

      Plaintiff,

  v.                                         Case No. 19-C-11

DODGE CORRECTIONAL INSTITUTION and
DEPARTMENT OF CORRECTIONS,

      Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, seeking monetary damages for negligence from the Dodge Correctional Institution (DCI) healthcare staff. The case comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $38.36. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

**SCREENING OF THE COMPLAINT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

**ALLEGATIONS OF THE COMPLAINT**

The plaintiff was admitted to DCI on September 9, 2016. During intake, the plaintiff was examined and prescribed Molixcam to treat his planters fasciitis. In December of 2016, the plaintiff was transferred to WCI. The plaintiff states that he continued to take Meloxicam for approximately sixteen months. In January of 2018, in response to the plaintiff's difficulties with walking and

2

standing upright, the plaintiff requested to see a nurse who had him rushed to Waupun Memorial Hospital. The plaintiff was operated on immediately as he had an ulcerated gall bladder, ulcerated small intestine, and peritonitis—an infection caused by the ulcers. The surgeon allegedly inquired why the plaintiff was taking Meloxicam and stated that it is not the correct medication to treat planters fasciitis and is also known to cause ulcers. The plaintiff spent three weeks in the hospital recovering followed by two months in the Dodge Infirmary. During this time he was fed by an IV and received morphine.

In March of 2018 the plaintiff returned to WCI. While there, the plaintiff asked Nurse Ann York about Meloxican and she allegedly stated that it is known to cause ulcers. The plaintiff states that his treatment has left him with a distended stomach for which he wears an abdominal binder to hold in and that he experiences pain and discomfort when he moves from laying down to an upright position. The plaintiff also states that he recently developed a hernia that is attributable to his prior ulcer surgery. Plaintiff is seeking monetary damages "because of the negligence by the healthcare staff at Dodge Correctional in prescribing me a medication that was an inappropriate drug . . . ." ECF No. 1 at 4.

**THE COURT'S ANALYSIS**

Federal courts are courts of limited jurisdiction. In general, federal courts have jurisdiction over cases that arise under federal law or involve disputes between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In his own words, the plaintiff has asserted a claim for negligence against the health care staff of DCI. Negligence is a common law claim that arises under state law. Since the plaintiff is serving a sentence in a

Wisconsin correctional institution, it is unlikely that the dispute is between citizens of different States. It thus follows that this court lacks jurisdiction over the plaintiff's case.

Most state prisoners who sue in federal court bring claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a person acting under color of state law violated rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Denial of, or deliberate indifference to, a prisoner's serious medical needs can amount to a violation of the Eighth Amendment's proscription of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But deliberate indifference is more than an inadvertent failure to provide medical care or negligence in treating a medical condition. *Id.* at 105–07; *see also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995). To prevail on a claim for deliberate indifference, a plaintiff must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991)). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir.1994).

To state a claim under § 1983, a prisoner must also name the individual who violated his federal rights. Section 1983 applies to "persons" and requires that the plaintiff allege that a defendant was personally involved in the claimed deprivations. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (individual must have "caused or participated in an alleged constitutional deprivation." (citation omitted)); *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (noting that a defendant may be personally liable only "if the conduct causing the constitutional deprivation occurs at [her] discretion or with [her] knowledge and consent. That is,

4

[she] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." (citation omitted)).

The plaintiff's complaint fails to identify the person or persons who prescribed the Meloxican for him. In addition, the complaint does not allege that the unnamed health care provider acted with deliberate indifference to his serious medical needs. To the contrary, the plaintiff alleges that his injuries were caused by "negligence by the healthcare staff." ECF No. 1 at 4. This is not sufficient to state a federal claim. Accordingly, the complaint will be dismissed. The dismissal is without prejudice, however, and the plaintiff may file an amended complaint if he is able to cure the foregoing defects. Unless the healthcare provider who prescribed the Meloxican did so knowing it was inappropriate, it would appear the plaintiff's only claim is for negligence and he belongs in state court. On the other hand, if he has reason to believe the healthcare provider acted with deliberate indifference toward his medical needs and health, he may have a claim under the Eighth Amendment.

In the event Plaintiff does amend, he must sue the individual defendant or defendants who actually violated his rights. If he does not know their names, he may describe what position they hold, what they did and when, and then give them fictitious names (like John Doe) for now until through discovery he is able to identify them. *See Donald v. Cook Cty.*, 95 F.3d 548, 555 (1996) (holding that "when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.").

Accordingly, if the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **March 8, 2019.** Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 8, 2019**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $311.64 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and also result in a dismissal of the action for failure to comply with a court order.

Dated at Green Bay, Wisconsin this  4th  day of February, 2019.

                                     s/ William C. Griesbach
                                     William C. Griesbach, Chief Judge
                                     United States District Court