UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CONRAD KUDELKA, JR.,

    Plaintiff,

v.                                                                     Case No. 19-C-11

DODGE CORRECTIONAL INSTITUTION,
DEPARTMENT OF CORRECTIONS, and
SCOTT HOFTIEZER M.D.,

    Defendants.

# SCREENING ORDER

On February 4, 2019, the court screened the plaintiff's initial complaint and gave him leave to amend his complaint because the initial complaint failed to identity the person or persons who prescribed the Meloxicam without warning him about its potential to cause ulcers. The plaintiff filed an amended complaint on March 5, 2019, which the court will now screen.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

The plaintiff was admitted to Dodge Correctional Institution on September 9, 2016. During intake, the plaintiff was examined by Dr. Scott Hoftiezer and prescribed Meloxicam to treat his planters fasciitis. The plaintiff alleges that Dr. Hoftiezer did not inform him about any of Meloxicam's side effects. The plaintiff was transferred to Waupun Correctional Institute (WCI) in December of 2016 where he continued to take Meloxicam for approximately sixteen months. In January of 2018, the plaintiff started to experience abdominal pains which made it extremely difficult for him to stand up and walk. The plaintiff was seen by a nurse and rushed to Waupun Memorial Hospital. There, the plaintiff was operated on immediately as he had an ulcerated gall bladder, ulcerated small intestine, and peritonitis—an infection caused by the ulcers. The surgeon inquired why the plaintiff was taking Meloxicam and stated that it is not the correct medication to treat planters fasciitis and that it is known to cause ulcers. The plaintiff spent three weeks in the hospital recovering followed by two months in the Dodge Infirmary. During this time he was fed by an IV and received morphine to treat his pain.

2

The plaintiff returned to WCI in March of 2018. While there, the plaintiff asked a nurse about Meloxicam and she told him it is known to cause ulcers. The plaintiff alleges that his use of Meloxicam resulted in the ulcers and peritonitis and that the surgery to treat those conditions left him with a distended stomach for which he wears an abdominal binder. The plaintiff further alleges that he experiences pain and discomfort when he moves from laying down to an upright position and that he recently developed a hernia that is attributable to his prior surgery. The plaintiff is seeking monetary compensation due to the negligence of Dr. Hoftiezer and Dr. Hoftiezer's failure to warn him about the possible consequences of using Meloxicam.

## THE COURT'S ANALYSIS

To state a claim under § 1983, a plaintiff must allege a person acting under color of state law violated rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Denial of, or deliberate indifference to, a prisoner's serious medical needs can amount to a violation of the Eighth Amendment's proscription of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But deliberate indifference is more than an inadvertent failure to provide medical care or negligence in treating a medical condition. *Id.* at 105–07; *see also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785 (7th Cir. 1995). To prevail on a claim for deliberate indifference, a plaintiff must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991)). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir.1994).

Regarding a medical provider's failure to warn about potential side effects of a medication, "allegations of a substantial risk of developing a side effect are sufficient to state a claim of deliberate indifference when a doctor fails to warn of those side effects." *Fifer v. Holloway*, No. 15-CV-1121-JPS, 2016 WL 5793706, at *5 (E.D. Wis. Sept. 30, 2016) (citing *Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013)). Of course, the doctor must also have knowledge of the substantial side effects in order for the claim to rise above mere negligence. *Phillips*, 522 F. App'x at 367.

Here, the plaintiff states that Dr. Hoftiezer never informed him about the potential side effects of Meloxicam. The plaintiff's complaint also establishes that Meloxicam presents a substantial risk of developing ulcers, as both the surgeon who performed his operation and the nurse he spoke with after were aware of Meloxicam's potential to cause ulcers. Although knowledge on the part of Dr. Hoftiezer is not explicitly alleged, it can be inferred at this stage of the proceedings, given the allegations that both the surgeon and the nurse readily knew that Meloxicam was not appropriate for planters fasciitis and the severe consequences that occurred. The plaintiff also attached a Meloxicam fact sheet to his complaint that also warns about the potential of developing ulcers. ECF No. 10-1. Consequently, the plaintiff may proceed on a deliberate indifference claim against Dr. Hoftiezer.

Regarding the plaintiff's negligence claim against Dr. Hoftiezer, which the court will construe as a medical malpractice claim, "[a] claim for medical malpractice, as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. In short, a claim for medical malpractice requires a negligent act or omission that causes an injury." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625

N.W.2d 860 (internal citation omitted). The plaintiff alleges that Dr. Hoftizer prescribed him Meloxicam for his planters fasciitis, a medication not intended for treatment of that condition, and failed to advise plaintiff of the severe and substantial side effects that it causes. As a result, the plaintiff alleges he took the medication and suffered those severe and substantial side effects. These allegations are sufficient to state a medical malpractice claim against Dr. Hoftiezer, over which the court exercises supplemental jurisdiction. 28 U.S.C. § 1367.

In sum, the court finds that the plaintiff may proceed on his Eighth Amendment and medical malpractice claims against Dr. Hoftiezer. As the plaintiff is only seeking claims against Dr. Hoftiezer, and does not state any specific allegations against Dodge Correctional Institution and the Department of Corrections, both will be dismissed as defendants.

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge Nancy Joseph for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly

5

objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated this  8th  day of March, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court